**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| **ABRAHAM TESFAYE** | ) |
| **4009 Arcadia Road** | ) |
| **Alexandria, VA  22312,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil Action No.** |
| | ) |
| **DYNCORP INTERNATIONAL, LLC** | ) |
| **351 West Camden Street** | ) |
| **Baltimore, MD 21201,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

**COMPLAINT**
**(Race, National Origin, and Disability)**

Pursuant to Federal Rule of Civil Procedure Rule 3, Plaintiff Abraham Tesfaye (hereafter "Plaintiff"), by his undersigned attorney, hereby files his complaint.

**I.  JURISDICTION AND VENUE**

1.  This Court has jurisdiction of the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f) and Title I of the Americans with Disabilities Act of 1991 (ADA), 42 U.S.C. §12117(a), see also 42 U.S.C. § 2000e-5(f).

2.  Plaintiff has exhausted the administrative remedies available to him under 42 U.S.C. §§ 2000e, *et seq.*, and all conditions precedent have occurred or been performed.  The U.S. Equal Employment Opportunity Commission issued Plaintiff a Notice of Right to Sue on June 19,

2014.  This Complaint and Demand for Jury Trial is timely filed within the ninety day period afforded by 42 U.S.C. §§ 2000e-5(f)(1).

3.   Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c), as Defendant Dyncorp International (hereinafter "Defendant") has extensive and deliberate contacts in this District and Division, including a business location at 1280 Arnold Avenue, Andrews Air Force Base, MD 20762, at which Plaintiff performed work during his tenure with Defendant.

## II. <u>THE PARTIES</u>

4.   Plaintiff is a resident of Virginia and a former employee of Defendant.

5.   Defendant is a multinational company incorporated in Delaware that primarily offers military contracting services to the federal government.  Defendant is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b).

## III. <u>FACTS CENTRAL TO PLAINTIFF'S CLAIMS</u>

6.   Plaintiff is Black and of Ethiopian descent.  He also suffers from a disability (chronic back and neck pain) which impairs his ability to do heavy labor and other major life activities.

7.   On August 16, 2006, Plaintiff began his employment with Defendant as an Aircraft Mechanic III.

8.   Throughout his employment with Defendant, Plaintiff had maintained a satisfactory work performance and disciplinary record.

9.   Upon information and belief, since the beginning of his employment, Plaintiff has been the only Black and Ethiopian mechanic with a disability at his work site.

10. On March 31, 2013, Plaintiff and another employee, Troy Liberty (White), were working on an aircraft that required the operation of a mechanic's stand.

11. While Plaintiff and Mr. Liberty were in the process of moving the mechanic's stand, the stand grazed the lower portion of the aircraft, causing a minor scratch.

12. Plaintiff and Mr. Liberty immediately contacted Art Hubbard (White American), Lead Mechanic, to report the incident.

13. Mr. Hubbard then reported the incident to Al Chaffee (White American), Maintenance Supervisor.

14. From April 1, 2013, through April 10, 2013, Defendant conducted an investigation into the incident.  As part of the investigation, Plaintiff gave his version of how the March 31 incident occurred and took a drug test.  Plaintiff fully cooperated with the investigation.

15. On April 12, 2013, Clarence Campbell, Division Manager, terminated Plaintiff's employment due to the results of the investigation.

16. Upon information and belief, James Dunham, another White American employee who is non-disabled, damages an aircraft.  However, Defendant only suspended him for one day and is still employed with Defendant.

17. Any reason Defendant gives for the different terms and conditions of employment and discharge is pretext to discrimination against him due to his national origin, race, and discrimination.

## IV. STATEMENT OF CLAIMS

### Count I:  National Origin Discrimination (Title VII)

18. Plaintiff adopts and incorporates by reference ¶¶ 1-17 above.

19. Defendant unlawfully discriminated against Plaintiff on the basis of his national origin.

20. Title VII makes it unlawful for an employer to discriminate in employment on the

basis of national origin.

21. Specifically, Defendant discriminated against Plaintiff by misapplying its own company policies by terminating Plaintiff for a similar incident that another white employee did but received a lesser form of discipline.

22. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

**Count II:  Race Discrimination (Title VII)**

23. Plaintiff adopts and incorporates by reference ¶¶ 1-22 above.

24. Defendant unlawfully discriminated against Plaintiff on the basis of his race.

25. Title VII makes it unlawful for an employer to discriminate in employment on the basis of race.

26. Specifically, Defendant discriminated against Plaintiff by misapplying its own company policies by terminating Plaintiff for a similar incident that another white American employee did but received a lesser form of discipline.

27. As a result of Defendant's violations of Title VII, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

**Count III:  Disability Discrimination (ADA)**

28.  Plaintiff adopts and incorporates by reference ¶¶ 1-27 above.

29. At all relevant times, Plaintiff has had a "disability within the meaning of the ADA, as amended, 42 U.S.C. § 12102.

30. The ADA makes it unlawful for an employer to discriminate in employment on the

basis of disability.

31. Specifically, Defendant discriminated against Plaintiff by misapplying its own company policies by terminating Plaintiff for a similar incident that another non-disabled employee did but received a lesser form of discipline.

32. As a result of Defendant's violations of the ADA, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

## IV. REMEDIES SOUGHT

33. WHEREFORE, Plaintiff respectfully requests that the Court issue a judgment granting her the following relief from Defendant:

   a. A declaratory judgment that defendant discriminated against Plaintiff, as alleged herein;

   b. Back pay, including without limitation other lost benefits due to Defendant's discrimination against Plaintiff;

   c. Compensatory and punitive damages, pursuant to the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking these actions with malice and bad faith;

   d. Prejudgment and post judgment interest on all damages, on the lost compensation and compensatory damages;

   e. Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k); and

   f. Such other and further relief as to the Court seems just and warranted.

## VI. JURY TRIAL DEMAND

34. Plaintiff requests a jury trial on all issues of fact and damages arising herein.

Respectfully submitted,

*Edgar Ndjatou*

_____
EDGAR NDJATOU
Law Office of Edgar Ndjatou, PLLC
2910 Georgia Avenue, NW, 304
Washington, DC 20001
T:  (202) 621-7275
F:  1 + (855) 842-6206
endjatou@ndjatoulaw.com
<u>Attorney for Plaintiff</u>